# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN MYRON BIEL,**

    Plaintiff,

v.                                           Case No. 22-CV-766

**CITY OF BEAVER DAM,**

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

John Myron Biel sues the City of Beaver Dam (the "City") for allegedly taking his property without just compensation, in violation of the Fifth and Fourteenth Amendments. (Compl., Docket # 1.) The City moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(5) for failure to perfect service. (Docket # 17.) Because I find the court lacks subject matter jurisdiction, I do not address whether the City was properly served.

## BACKGROUND

In 2017, at the direction of the Federal Emergency Management Agency ("FEMA"), the City instituted a floodway on a lot that Biel owns. (Docket # 1 at 2.) Biel alleges that the floodway is intended to retain water in the event the dam on the Beaver Dam River is removed. (*Id.*) Biel contends that he cannot build on the floodway, rendering his lot useless. He also alleges that because he was not notified of the taking there has been no negotiations regarding compensation. (*Id.* at 3.)

ANALYSIS

The City moves to dismiss Biel's complaint under Rule 12(b)(1) for of lack of subject matter jurisdiction and under Rule 12(b)(5) for failure to perfect service. I begin with the issue of subject matter jurisdiction. The City argues Biel's complaint is not ripe because he has not availed himself of the City's permitting, appeal, and variance process enumerated in the City's floodplain ordinance.[1] (Docket # 18-1.) Biel counters that his claim presents a genuine dispute because the floodway prohibits structures for human habitation, therefore interfering with his investment backed expectations to build on his lot. (Pl.'s Resp., Docket # 22 at 6.) Biel submits FEMA's standards for development in floodway areas indicating that structures for human habitation are strictly prohibited in floodway zones. (Docket # 22-1.)

Jurisdiction is the "power to decide" and must be conferred upon a federal court. *See In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a Rule 12(b)(1) motion, the Court may look beyond the allegations of the complaint and view other submitted evidence. *See Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

The "[r]ipeness doctrine is based on the Constitution's case-or-controversy requirements as well as discretionary prudential considerations." *Wis. Right to Life State Political Action Comm.*, 664 F.3d 139, 148 (7th Cir. 2011). Questions concerning ripeness may arise when a case presents "uncertain or contingent events that may not occur as anticipated,

---

[1] The City initially argued Biel's complaint was also subject to dismissal for Biel's failure to pursue inverse condemnation proceedings under state law. (Def's Br. at 7–8.) The parties acknowledge that the state litigation requirement was overruled in *Knick v. Township*, 588 U.S. 180 (2019). The finality requirement, however, remains intact. *See id.* at 188.

2

or not occur at all." *Id.* "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). This finality requirement is "relatively modest." *Pakdel v. City and Cnty. of San Francisco*, 594 U.S. 474, 479 (2021). But "a property owner should 'at least resort to the procedure for obtaining variances and obtain a conclusive determination by the Commission whether it would allow the proposed development, in order to ripen [his] takings claim.'" *Willan v. Dane Cnty.*, No. 21-1617, 2021 WL 4269922, at *2 (7th Cir. Sept. 20, 2021) (quoting *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 737 (1997)). A plaintiff can also satisfy the finality requirement by showing "that attempts to comply would be futile." *Unity Ventures v. Cnty. of Lake*, 841 F.2d 770, 775 (7th Cir. 1988) (citing *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1454 (9th Cir. 1987)). Futility is not established, however, "until at least one meaningful application has been made." *Unity Ventures*, 841 F.2d at 775–76 (quoting *Herrington v. Cnty. of Sonoma*, 834 F.2d 1488, 1495 (9th Cir. 1987)).

Here, Section 7.1(2) of the City's floodplain ordinance provides that a "land use permit shall be obtained before any new development; repair, modification or addition to an existing structure; or change in the use of a building or structure, including sewer and water facilities, may be initiated." (Docket # 18-1 at 19.) Among other requirements, a site development plan shall also be submitted with the permit application. (*Id.*) After the zoning administrator issues a decision, an applicant may appeal to the City's Board of Adjustment/Appeals. (*Id.* at 24.)

While Biel points to certain restrictions for structures located in floodway areas, he has not demonstrated that the Board of Adjustment ever rendered a final decision regarding how

3

the floodway regulation would be applied to his land. Indeed, Biel does not allege that he applied for a land use permit or submitted a development plan, nor does he claim he sought a variance before initiating suit. (Pl.'s Resp., Docket # 22.) Because Biel has not shown that the Board has rendered a final decision, this matter is not ripe for adjudication. *See Willan*, 2021 WL 4269922, at *1 (concluding claims were not ripe as the Willans had not sought a conditional-use permit or variance; thus, the "[c]ounty had not reached a final decision on how the zoning regulation would be applied" to their barn); *Erickson v. Village of Yorkville*, 681 F. Supp. 3d 871 (E.D. Wis. 2023) ("Because the Ericksons have yet to seek a conditional use permit to implement their development plans, and because they have failed to demonstrate that doing so would be futile, most of their claims are premature.").

Because the Court lacks subject matter jurisdiction, I need not address the City's challenge based on lack of proper service.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (Docket # 17) is **GRANTED** for failure to establish subject matter jurisdiction.

**IT IS FURTHER ORDERED** that this action be and is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin this 22nd day of May, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge